Dear Mr. Martin:
You have requested an Attorney General's opinion as to whether the Acadia Economic Development Corporation ("Corporation") is a public body and should conduct its business as such under the open meetings laws.
You state that the Acadia Parish Police Jury has provided approximately $60,000 in funding for the Corporation for the fiscal year 1998. You also provide that the Police Jury has entered into a cooperative endeavor with the Corporation regarding economic development within Acadia Parish.
The Corporation is organized pursuant to the Corporation Code as a non-profit corporation pursuant to LSA-R.S. 12:201 et seq. LSA-R.S. 12:202.1(D) requires a quasi-public nonprofit corporation to comply with, "the public contract law, and the public records laws of the State of Louisiana."
In Opinion Number 92-208, this office was asked what factors to consider in determining whether a private nonprofit corporation is subject to the Public Records Act. In reiterating the court's analysis in State ex. rel. Guste v. Nicholls College Foundation,564 So.2d 682 (La. 1990), the analysis was based upon the following criteria:
1) Is the entity who received the money a public body?
2) Is the entity who gave the money a public body?
 3) Was the money transferred in furtherance of a constitutional or legal duty of the giver?
 4) Is the entity receiving the money responsible for using the funds in furtherance of a constitutional or legally endowed responsibility?
As noted by the Court in Guste, "the law favors a liberal construction of the public records law `so to enlarge rather then restrict access to public records by the public.'" Guste citingLewis v. Spurney, 458 So.2d 488 (La. 1984).
The Court in Guste found that the Federation was, "because of its relationship with Nicholls State, a `quasi-public' nonprofit corporation `designated as an entity, to perform a governmental or proprietary function' and thus a `public body' for purposes of the Public Records Act." Guste at 687. The Court found that the money that was transferred to the Foundation was also public funds because the "central purpose of both organizations is to promote the University." Id. Additionally, the Court held "that the money was given and accepted `under authority of the constitution and the laws of this state' in the furtherance of a governmental purpose." Id.
In conclusion, the Court held "if a private corporation accepts public money from a public body in the discharge of the latter's constitutional or legal duties, it must disclose records concerning those transactions, including the receipt and expenditure of those funds. If those corporations wish to avoid divulging nonpublic receipts and expenditures, they need only maintain separate and distinct books, accounts, and records." Id.
at 689.
For purposes of quasi-public status, the open meetings laws apply in a similar fashion. See Attorney General Opinion Number 81-1153, enclosed herein.
The Corporation at issue entered into a cooperative endeavor with the Police Jury for the stated purpose of "providing a method by which [the Corporation] can assist the [Police Jury] in fulfilling its legal, moral and economic obligations with regard to economic development and enhancement within the affected area."
By its own language, the cooperative endeavor establishes the purposes of the agreement as the fulfillment of legal duties of the Police Jury. Additionally, public funds are received by the Corporation from the Police Jury for the execution of a general purpose.
Therefore, we must conclude the Acadia Economic Development Corporation is subject to the open meetings laws, LSA-R.S.42:4.1, et seq.
I trust this sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ______________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI:CMF:glb
Date Received:
Date Released:
CARLOS M. FINALET, III
Assistant Attorney General
 State of Louisiana DEPARTMENT OF JUSTICE
WILLIAM J. GUSTE, JR. 7TH FLOOR ATTORNEY GENERAL 2-3-4, LOYOLA BUILDING NEW ORLEANS 70112
December 22, 1981 61 — LAWS — GENERAL OPINION NO. 81-1153 61-B — LAWS — CODE OF ETHICS 90-A-1 — PUBLIC FUNDS PUBLIC CONTRACTS 90-B-4 — PUBLIC MEETINGS Honorable Charles E. Bruneau, Jr. 90-C — PUBLIC RECORDS Vice-Chairman The Board of Commissioners of the New Committee on Ways and Means Orleans City Park Improvement Assn. is Louisiana House of Representatives subject to the Public Records Law, the P. O. Box 44293 Open Meetings Law, the Public Bid and Baton Rouge, Louisiana 70804 Public Contracts Law the Code of Ethics Law. The Bd. is also subject